DIANE E. WINTER

RECEIVED
GROUP LITIGATION DEPT

**F I L E D**

JUN 10 2015

JUN 2 2 REC'D

*Keith Brin*
CIRCUIT CLERK

STATE OF ILLINOIS   )
                )   SS
COUNTY OF LAKE   )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

RONALD IORIO,                 )
        Plaintiff,     )
                   )   Gen. No.
    v.                 )       15L414
                   )
LIFE INSURANCE COMPANY OF NORTH   )
AMERICA, also Known as CIGNA GROUP   )
INSURANCE,             )
        Defendants.   )

**NOTICE**

BY LOCAL RULE 3.12
THIS CASE IS HEREBY SET FOR A SCHEDULING
CONFERENCE IN COURTROOM C40 ON 7/24
20 15 AT 9 ___ AT 18 NORTH COUNTY STREET,
WAUKEGAN, ILLINOIS. FAILURE TO APPEAR MAY RESULT
IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT
BEING ENTERED.

**COMPLAINT**

Now comes the Plaintiff, RONALD IORIO, by and through his attorneys, Wysocki

& Smith, and complaining against the Defendants, LIFE INSURANCE COMPANY OF

NORTH AMERICA, also known as CIGNA GROUP INSURNACE and states as follows:

<u>Count I</u>

Nature of Action, Jurisdiction, and Venue

1.     This is an action for breach of contract on a group policy of disability income

insurance issued by LIFE INSURANCE COMPANY OF NORTH AMERICA, also known

as CIGNA GROUP INSURNACE to PBI/Gordon Corporation (Policy No. LK962924), to

provide monthly disability income benefit payments to the employees of PBI/Gordon

Corporation in the event that they became disabled.

2.     The Plaintiff, RONALD IORIO ("Plaintiff" or "Iorio"), born in 1957, is a

resident of Mundelein, Lake County, Illinois.

3.     The Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, also

known as CIGNA GROUP INSURNACE ("Defendant" or "Cigna"), is, upon information

and belief, a corporation which has its principal place of business in the State of Pennsylvania, but also has offices in the State of Illinois and/or does business in the State of Illinois.

4. For and in consideration of premiums paid, Defendant Cigna issued to PBI/Gordon Corporation a policy of disability income insurance, No. LK962924 (a true and correct copy of which is attached hereto as Exhibit "A" and by that reference incorporated herein) ("Policy") to provide monthly disability income benefit payments to the employees of PBI/Gordon Corporation in the event that they became disabled.

5. That at all times relevant hereto, the Plaintiff, RONALD IORIO, was an employee of PBI/Gordon Corporation.

6. For and in consideration of Iorio's payment of premiums, by payroll deduction, the policy was in full force and effect on September 26, 2013, when Iorio became totally disabled under the terms of a similar, short term disability policy issued by the Defendant, Cigna to PBI/Gordon Corporation, to provide monthly disability income benefit payments to the employees of PBI/Gordon Corporation in the event that they became disabled (No. LK0750994) and under policy LK962924.

7. The policy incorporates the following definition of "Disability/Disabled":

"You are considered Disabled if, solely because of Injury or Sickness, you are:
1. Unable to perform the material and substantial duties of your Regular Occupation; and
2. Unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation."

8. From September 26, 2013 through March 19, 2014, Plaintiff alleges a total disability due to bulging lumbar discs at the L3-4, L4-5 and L5-S1 levels with stenosis and S1 radiculopathy; and Defendants acknowledged the severity of his claim and paid short

term disability benefits to Plaintiff for the term allowable under policy no. LK0750994. refuses to pay, benefits under policy LK962924.

9.     As a result therefore, the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, also known as CIGNA GROUP INSURNACE is in breach of the foregoing contract of insurance; and said Defendant owes Plaintiff total disability payments under Policy No. LK962924 since the Commencement Date following the conclusion of the policy's elimination period; i.e., December 23, 2013, through March 19, 2014.

10.    Plaintiff also alleges that Defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability benefits to the Plaintiff, and that Plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

WHEREFORE, Plaintiff prays for judgment against the Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, also known as CIGNA GROUP INSURNACE in an amount equal to the accrued amount of benefits due through judgment plus interest thereon, a declaration that benefits are to continue so long as Plaintiff continues to meet the policy requirements for payment of disability benefits, and all other relief to which Plaintiff is entitled, including his costs of suit.

COUNT II

1-10.   Plaintiff re-alleges paragraphs 1-10 of Count I as paragraphs 1-10 of Count II of his Complaint, and by that reference, incorporates those allegations herein.

11.    There is and was in effect in the State of Illinois at all times relevant hereto a statute codified at 215 ILCS 5/155, which allows the court to assess penalties and attorneys' fees against an insurance company that unreasonably and vexatiously refuses

or delays payment of indemnity due.

12.    Defendant violated § 155 in one or more of the following respects:

a)    Defendant's refusal to grant Iorio's disability benefit payments despite being provided with conclusive evidence supporting total disability as defined in its policy. There is no legitimate dispute as to Plaintiff's entitlement to benefits; and Plaintiff is therefore entitled to all benefits that have accrued since the conclusion of the elimination period in the policy as well as penalties, interest, and fees.

b)    Requiring the Plaintiff to initiate litigation to recover benefits due when his entitlement to benefits was not in legitimate dispute.

WHEREFORE, Plaintiff prays for the following relief:

A.  That Plaintiff be awarded judgment in his favor and against Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, also known as CIGNA GROUP INSURNACE as prayed for in Count I of his Complaint.

B.  That Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, also known as CIGNA GROUP INSURNACE be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that Defendant be ordered to pay the Plaintiff's attorney's fees and court costs, as well as any and all other relief to which plaintiff is entitled.

Respectfully submitted
RONALD IORIO


By_____
One of the Plaintiff's attorneys


Perry S. Smith, Jr.
ARDC # 6190320
Wysocki & Smith

403 Grand Avenue
Waukegan, IL 60085
(847)623-2200